UNITED STATES BANKRUPTCY COURT

Southern District of Indiana

In re: Fidler, Kyle
Fidler, Jessica
Debtor(s)

Case No. 22-04587-JJG-13
(xx-xxxxx)

# CHAPTER 13 PLAN

✓ Original

Amended Plan # _____ (e.g. 1ˢᵗ, 2ⁿᵈ)

**\*\* MUST BE DESIGNATED \*\***

1. **NOTICE TO INTERESTED PARTIES:**

   The Debtor must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included", if neither box is checked, or if both boxes are checked, the provision will be ineffective if set out later in the plan.

   **1.1** A limit on the amount of a secured claim, pursuant to paragraph 8(c), which may result in a partial payment or no payment at all to the secured creditor.  ☐ Included   ✓ Not Included

   **1.2** Avoidance of a judicial lien or nonpossessory, non-purchase money security interest. Any lien avoidance shall occur by separate motion or proceeding, pursuant to paragraph 12.  ☐ Included   ✓ Not Included

   **1.3** Nonstandard provisions, set out in paragraph 15.  ✓ Included   ☐ Not Included

2. **GENERAL PROVISIONS:**

   **(a) Your Rights May be Affected:** Read these papers carefully and discuss them with your attorney. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed without further notice or hearing unless a written objection is filed before the deadline stated on the separate Notice you received from the Court.

   **(b) Proofs of Claim:** You must file a proof of claim to receive distributions under the plan. Absent a Court order determining the amount of the secured claim, the filed proof of claim shall control as to the determination of pre-petition arrearages; secured and priority tax liabilities; other priority claims; and the amount required to satisfy an offer of payment in full. All claims that are secured by a security interest in real estate shall comply with the requirements of Federal Rule of Bankruptcy Procedure ("FRBP") 3001(c)(2)(C).

   **(c) Notices Relating to Mortgages:** As required by Local Rule B-3002.1-1, all creditors with claims secured by a security interest in real estate shall comply with the requirements of FRBP 3002.1 (b) and (c) without regard to whether the real estate is the Debtor's principal residence. If there is a change in the mortgage servicer while the bankruptcy is pending, the mortgage holder shall file with the Court and serve upon the Debtor, Debtor's counsel and the Chapter 13 Trustee ("Trustee") a Notice setting forth the change and providing the name of the new servicer, the payment address, a contact phone number and a contact e-mail address.

(d) **Notices (Other than those Relating to Mortgages):** Non-mortgage creditors in paragraph 8(c) (whose rights are not being modified) or in paragraph 11 (whose executory contracts/unexpired leases are being assumed) may continue to mail customary notices or coupons to the Debtor or the Trustee notwithstanding the automatic stay.

(e) **Equal Monthly Payments:** As to payments required by paragraphs 7 and 8, the Trustee may increase the amount of any "Equal Monthly Amount" offered to appropriately amortize the claim. The Trustee shall be permitted to accelerate payments to any class of creditor for efficient administration of the case.

(f) **Payments Following Entry of Orders Lifting Stay:** Upon entry of an order lifting the stay, no distributions shall be made on any secured claim relating to the subject collateral until such time as a timely amended deficiency claim is filed by such creditor and deemed allowed, or the automatic stay is re-imposed by further order of the Court.

3. **SUBMISSION OF INCOME:** Debtor submits to the supervision and control of the Trustee all or such portion of future earnings or other future income or specified property of the Debtor as is necessary for the execution of this plan.

4. **PLAN TERMS:**

   (a) **Payment and Length of Plan:** Debtor shall pay $ $1,332 monthly to the Trustee, starting not later than 30 days after the order for relief, for 60 months, for a total amount of $79,920 .
   Additional payments to Trustee and/or future changes to the periodic amount proposed are:

   > In addition Mr. Fidler will turn over 1/2 of his annual employment bonus.

   (b) **Increased Funding:** If additional property comes into the estate pursuant to 11 U.S.C. §1306(a)(1) or if the Trustee discovers undisclosed property of the estate, then the Trustee may obtain such property or its proceeds to increase the total amount to be paid under the plan. However, if the Trustee elects to take less than 100% of the property to which the estate may be entitled OR less than the amount necessary to pay all allowed claims in full, then a motion will be filed, and appropriate notice given.

   (c) **Curing Defaults:** If Debtor falls behind on plan payments or if changes to the payments owed to secured lenders require additional funds from the Debtor's income, the Debtor and the Trustee may agree that the Debtor will increase the periodic payment amount or that the time period for making payments will be extended, not to exceed 60 months. Creditors will not receive notice of any such agreement unless the total amount that the Debtor will pay to the Trustee decreases. Any party may request in writing, addressed to the Trustee at the address shown on the notice of the meeting of creditors, that the Trustee give that party notice of any such agreement. Agreements under this section cannot extend the term of the plan more than 6 additional months.

   (d) **Other Plan Changes:** Any other modification of the plan shall be proposed by motion pursuant to 11 U.S.C. §1329. Service of any motion to modify this plan shall be made by the moving party as required by FRBP 2002(a)(5) and 3015(h), unless otherwise ordered by the Court.

5. **PAYMENT OF ADMINISTRATIVE CLAIMS (INCLUSIVE OF DEBTOR'S ATTORNEY FEES):**

   ☐ NONE

All allowed administrative claims will be paid in full by the Trustee unless the creditor agrees otherwise.

| Creditor | Type of Claim | Scheduled Amount |
|---|---|---|
| Sawin & Shea LLC | Attorney Fee | $4,000 |

## 6. PAYMENT OF DOMESTIC SUPPORT OBLIGATIONS:

**(a) Ongoing Domestic Support Obligations:**

☑ NONE

Debtor shall make any Domestic Support Obligation payments that are due after the filing of the case under a Domestic Support Order directly to the following payee:

| Creditor | Type of Claim | Payment Amount |
|---|---|---|
|  |  |  |

**(b) Domestic Support Obligation Arrears:**

☑ NONE

The following arrearages on Domestic Support Obligations will be paid in the manner specified.

| Creditor | Type of Claim | Estimated Arrears | Treatment |
|---|---|---|---|
|  |  |  |  |

## 7. PAYMENT OF MORTGAGES RELATING SOLELY TO THE DEBTOR'S PRINCIPAL RESIDENCE:

☐ NONE

**(a) Claims Covered:** Only consensual mortgages on the principal residence are treated under this paragraph. All other secured claims should be treated under paragraph 8.

**(b) Pre-Petition Arrearage:** As required by Local Rule B-3015-1(d), if there is a pre-petition arrearage claim on a mortgage secured by the Debtor's principal residence, then both the pre-petition arrearage and the post-petition mortgage installments shall be made through the Trustee. Initial post-petition payment arrears shall be paid with secured creditors. If there are no arrears, the Debtor may pay the secured creditor directly.

**(c) Treatment:** Before confirmation, the payment to the mortgage lender shall be the regular monthly mortgage payment unless otherwise ordered by the Court or modified pursuant to an agreement with the mortgage lender. After confirmation, payment shall be as set forth below. Equal Monthly Amount and Estimated Arrears listed below shall be adjusted based on the filed claim and/or notice.

| Creditor | Residential Address | Estimated Arrears | Equal Monthly Amount | Mortgage Treatment |
|---|---|---|---|---|
| Financial Center First Credit Union | 1190 Coral Springs Drive Cicero, IN 46034 | $2,231 | N/A | ○ Trustee pay<br>● Direct pay |
| Financial Center First Credit Union | 1190 Coral Springs Drive Cicero, IN 46034 | $215 | N/A | ○ Trustee pay<br>● Direct pay |
| NASA FCU | 1190 Coral Springs Drive Cicero, IN 46034 | $540 | N/A | ○ Trustee pay<br>● Direct pay |
| Hamilton County Treasurer | 1190 Coral Springs Drive Cicero, IN 46034 | $2,127 | N/A | ○ Trustee pay<br>● Direct pay |

**No late charges, fees or other monetary amounts shall be assessed based on the timing of any payments made by the Trustee under the provisions of the Plan, unless allowed by Order of the Court.**

**(d) Escrow Surplus:** An escrow surplus arising as to a mortgage paid by the Trustee shall be returned to the Trustee by the mortgage lender or servicer within 30 days of the completion of an annual escrow analysis or other review that determines a surplus. The Trustee shall file and serve on the Debtor and claimants a Notice of Proposed Distribution of the escrow surplus, provide a 30-day Objection Notice and file a Certificate of Service. If no response is timely filed, the Trustee may treat the escrow surplus as set forth in the Notice of Proposed Distribution.

8. **PAYMENT OF SECURED CLAIMS OTHER THAN CLAIMS TREATED UNDER PARAGRAPH 7:**

**(a) Claims Covered:** Secured claims not treated under paragraph 7 are treated under this paragraph, including but not limited to delinquent real estate taxes; homeowners' association or similar dues with secured status; sewer liens, and judgment liens that are not being fully avoided under paragraph 12. Claims secured by personal property are treated in subparagraphs (b) and (c). Treatment of other secured claims is provided for in subparagraph (d).

**(b) Claims Secured by Personal Property as to Which 11 U.S.C. § 506 Valuation Is Not Applicable:**

☑ NONE

Pursuant to Local Rule B-3015-1(c), and unless otherwise ordered by the Court, prior to plan confirmation, allowed claims secured by personal property as to which valuation under 11 U.S.C. § 506 is not applicable, the Trustee shall pay monthly adequate protection payments equal to 1% of a filed secured claim. The Trustee shall disburse such adequate protection payments to the holders of allowed claims secured by personal property as soon as practicable after receiving plan payments from the Debtor, and the secured claim will be reduced accordingly. After confirmation of the plan, unless otherwise provided in paragraph 15, the Trustee will pay to the holder of each allowed secured claim the filed claim amount with interest at the rate stated below.

| Creditor | Collateral | Purchase Date | Estimated Claims Amount | Interest Rate | Equal Monthly Amount |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**(c) Claims Secured by Personal Property as to Which 11 U.S.C. § 506 Valuation Is Applicable:**

☑ NONE

4

Pursuant to Local Rule B-3015-1(c), and unless otherwise ordered by the Court, prior to plan confirmation as to allowed claims secured by personal property not treated under subparagraph (d) but as to which 11 U.S.C. § 506 valuation is applicable, the Trustee shall pay monthly adequate protection payments equal to 1% of the value of the collateral stated below. The Trustee shall disburse such adequate protection payments to the secured creditor as soon as practicable after receiving plan payments from the Debtor, and the secured claim will be reduced accordingly. After confirmation of the plan, unless otherwise provided in paragraph 15, the Trustee will pay to the holder of each allowed secured claim in the manner set forth below.

| Creditor | Collateral | Purchase Date | Scheduled Debt | Value | Interest Rate | Equal Monthly Amount |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

(d) **Payment of Other Secured Claims:**

☐ NONE

This subparagraph applies to claims secured by real estate not covered in paragraph 7 and to claims secured by personal property not covered in subparagraphs (b) or (c) above. Such claims, including those not subject to a monthly payment amount established before filing, shall be paid as specified below. (When completing the chart, if a column is not applicable, enter "n/a").

| Creditor | Collateral/Type of Debt | Date Incurred | Estimated Arrears | Interest Rate | Equal Monthly Amount | Treatment |
|---|---|---|---|---|---|---|
| Navy FCU | 2016 Tahoe | 1/22 | $0.00 | N/A | N/A | Pay outside the plan |
| Santander | 2020 Ram | 4/20 | $576 | N/A | N/A | Arrears paid by the Trustee, remaining balance to be Payed outside the plan |

(e) **Surrendered/Abandoned Collateral:**

☐ NONE

The Debtor intends to surrender the following collateral. Upon confirmation, the Chapter 13 estate abandons any interest in, and the automatic stay pursuant to 11 U.S.C. § 362 is terminated as to, the listed collateral and the automatic stay pursuant to 11 U.S.C. §1301 is terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in paragraph 10(b) below. Upon confirmation, the secured creditor is free to pursue its *in rem* rights.

| Creditor | Collateral | Surrendered/Abandoned | Scheduled Value |
|---|---|---|---|
| One Main Fin | 2016 Sylvan Boat | ○ Abandoned<br>◉ Surrendered |  |

9. **SECURED TAX CLAIMS AND 11 U.S.C. § 507 PRIORITY CLAIMS:**

☐ NONE

All allowed secured tax obligations shall be paid in full by the Trustee, inclusive of statutory interest thereon (whether or not an interest factor is expressly offered by plan terms). All allowed priority claims shall be paid in full by the Trustee, exclusive of interest, unless the creditor agrees otherwise.

5

| Creditor | Type of Priority or Secured Claim | Scheduled Debt | Treatment |
|---|---|---|---|
| Hamilton County Auditor | Priority-personaly guaranteed business tax debt | $52,720 | Paid through the the plan |
| Indiana Department of Revenue | Priority/Secured | $0.0 | Paid through the the plan |
| Internal Revenue Service | Priority/Secured | $0.00 | Paid through the the plan |

## 10. NON-PRIORITY UNSECURED CLAIMS:

   (a) **Separately Classified or Long-term Debts:**

   ☑ NONE

| Creditor | Basis for Classification | Treatment | Amount | Interest |
|---|---|---|---|---|
|  |  |  |  |  |

   (b) **General Unsecured Claims:**

   ◉ Pro rata distribution from any remaining funds; or

   ○ Other: _____

## 11. EXECUTORY CONTRACTS AND UNEXPIRED LEASES:

   All executory contracts and unexpired leases are REJECTED, except the following, which are assumed. Click *here* to list assumed leases.

## 12. PARTIAL OR COMPLETE AVOIDANCE OF LIENS:

   ☑ NONE

   Debtor will file a separate motion or adversary proceeding to avoid in whole or in part the following non-purchase money security interests, judicial liens, wholly unsecured mortgages or other liens that impair exemptions:

| Creditor | Collateral/Property Description | Basis for Avoidance |
|---|---|---|
|  |  |  |

## 13. LIEN RETENTION:

   With respect to each allowed secured claim provided for by the plan, the holder of such claim shall retain its lien securing such claim until the earlier of a) the payment of the underlying debt determined under non-bankruptcy law or b) entry of a discharge order under 11 U.S.C. §1328.

## 14. VESTING OF PROPERTY OF THE ESTATE:

   Except as necessary to fund the plan or as expressly retained by the plan or confirmation order, the property of the estate shall revest in the Debtor upon confirmation of the Debtor's plan, subject to the rights of the Trustee, if any, to assert claim to any additional property of the estate acquired by the Debtor post-petition pursuant to operation of 11 U.S.C. §1306.

## 15. NONSTANDARD PROVISIONS:

   ☐ NONE

   Under FRBP 3015(c), nonstandard provisions are required to be set forth below. Any nonstandard provision placed elsewhere in the plan is void. These plan provisions will be effective only if the included box in Paragraph 1.3 of this plan is checked.

1) Debtor hereby revokes any authorization or perceived authorization to receive phone calls pursuant to Telephone Consumer Protection Act as specified under 47 U.S.C. §(b)(1)(A).

2) Debtor hereby revokes any mediation, arbitration or any other forum specified in any contract or negotiable instrument entered into prior to the date of the bankruptcy filing.

3) Pursuant to §1326, Section 8 of this Chapter 13 Plan shall be clarified as follows: EMA payments to secured creditors to begin approximately in month 15 of the plan after administrative claims are paid in full. The Trustee shall pay in full all administrative, secured and priority claims prior to any distribution to unsecured creditors.

4) For all creditors receiving payments through the Trustee conduit (Trustee pay), the following plan provision shall apply: This Chapter 13 Plan along with the Confirmation Order is a modification of the original contracted payment terms with the Debtor(s) as set forth herein and allowed under bankruptcy law. The payment due dates, application of payments, assessment of late fees and attorney fees, and balances owed are hereby controlled by the terms described in this Chapter 13 Plan. See (In re Diana Lynn Harvey, 213 F.3d 318 7th Cir 2000). This modified contract, created by the confirmed Chapter 13 Plan and Confirmation Order, shall only be subject to modification of the Chapter 13 Plan under 11 U.S.C. §1329. This section is not applicable to direct pay secured creditors not paid through the Trustee conduit.

5) For all creditors receiving direct pay payments outside the Trustee conduit as specified under 8(d) of this plan (direct pay), the original contract terms are not changed or modified. The payment due dates, application of payments, assessment of late fees and attorney fees, and balances owed are controlled by the original contract. The direct pay debts herein described shall not be subject to discharge unless this case is converted to a case under chapter 7, 11,12 or if the debtor files a motion to modify this Chapter 13 Plan under 11 U.S.C. §1329 changing the treatment of the specified creditor and or debt.

6) Nonstandard provisions 1, 2, 3, and 4 shall be binding upon all creditors during the life of the Chapter 13 Plan and discharge, but are considered void upon conversion to Chapter 7, 11, 12 or dismissal of this case.

7) Any Notice of Postpetition Mortgage Fees, Expenses, and Charges (Official Form 410S2) filed in this case will be deemed allowed and shall be paid in its entirety by the Chapter 13 Trustee, unless the debtor, trustee, or any other party in interest objects.

Date: 11/21/2022

/s/ Kyle Fidler
Signature of Debtor

Kyle Fidler
Printed Name of Debtor

/s/ Jessica Fidler
Signature of Joint Debtor

Jessica Fidler
Printed Name of Joint Debtor

| | |
|---|---|
| | /s/ Richard J. Shea |
| | Signature of Attorney for Debtor(s) |
| Address: | Sawin & Shea LLC |
| | 6100 N. Keystone Ste. 620 |
| City, State, ZIP code: | Indianapolis, IN 46220 |
| Area code and phone: | 317-255-2600 |
| Area code and fax: | 317-255-2905 |
| E-mail address: | ecf@sawinlaw.com |

By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for the Debtor(s) certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the form plan adopted by this Court, other than any nonstandard provisions included in paragraph 15.